IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL E. LANG, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. CIV-17-919-D |
| FARMERS INSURANCE COMPANY, INC., | ) |
| Defendant. | ) |

# **O R D E R**

Before the Court is Defendant Farmers Insurance Company, Inc.'s Motion to Dismiss Plaintiffs' Bad Faith Claim [Doc. No. 8], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have timely opposed the Motion, and the deadline for filing a reply brief has expired.

Plaintiffs bring this action to recover damages for breach of contract and a tort claim of bad faith based on allegations that their property insurer improperly denied an insurance claim and failed to pay them for an insured loss covered by the insurance policy. By its Motion, Defendant asserts that the Complaint fails to state a bad faith claim under federal pleading standards. Plaintiffs contend the factual allegations of the Complaint are sufficient but, alternatively, request leave to amend their pleading.

### **Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. Thus, for example, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Robbins*, 519 F.3d at 1248. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Allegations**

Accepting the allegations of the Complaint as true, Plaintiffs owned a home in Guthrie, Oklahoma, that was damaged by a wind and hail storm on April 28, 2017, and the loss was covered under an insurance policy issued by Defendant. Plaintiffs timely submitted a claim to Defendant for the loss in compliance with the policy, but Defendant denied the claim and failed to pay for covered damage to their home. Plaintiffs claim Defendant improperly denied payment for an "obviously hail damaged roofing system" as

required by the policy. *See* Compl. [Doc. No. 1], ¶ 15. Plaintiffs also claim Defendant "conducted an improper and unreasonable claim investigation, evaluation, and adjustment which resulted in an unreasonable denial of coverage for Plaintiff's covered loss." *Id*. ¶ 16. In support of this claim, Plaintiffs allege: "During its inspection, Defendant disregarded obvious hail damage to Plaintiffs' roofing system and failed to consider the hail damage to Plaintiffs' roof as a whole." *Id*.

## Discussion

Defendant contends Plaintiff's allegations are conclusory and provide insufficient facts to state a claim of insurer's bad faith. In Defendant's view, the Complaint merely alleges a "legitimate dispute concerning coverage for which a bad faith action will not lie." *See* Def.'s Mot. Dismiss [Doc. No. 8] at 4 (internal quotation omitted).

To establish a breach of Defendant's duty of good faith and fair dealing with its insured, Plaintiffs need only show that Defendant breached the insurance contract and, in so doing, acted in a manner constituting bad faith. *See Brown v. Patel*, 157 P.3d 117, 121 (Okla. 2007); *see also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). "[A] legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith," for example, an inadequate or one-sided investigation of a claim may permit a finding that the insurer acted unreasonably and in bad faith. *See Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 343, 345 (10th Cir. 1995); *see also Bannister v. State Farm Mut. Auto. Ins. Co.*, 692 F.3d 1117, 1127-28 (10th Cir. 2012).

3

Upon examination of the Complaint, the Court finds the sufficiency of Plaintiffs' allegations to state a claim of insurer's bad faith presents a close question. However, the Complaint contains factual allegations that amount to more than an assertion that Defendant underpaid Plaintiffs' insurance claim. Plaintiffs also assert that Defendant inadequately and unreasonably investigated and withheld payment clearly owed. These allegations may be enough, if proven, to establish a breach of Defendant's duty to deal fairly and in good faith with its insureds. Under the current application of Rule 12(b)(6), the notice pleading standard of "Rule 8(a)(2) still lives." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Twombly*, 550 U.S. at 555). In this case, the Court finds minimally sufficient factual allegations to state a bad faith claim and, therefore, dismissal of Plaintiffs' tort claim is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiffs' Bad Faith Claim [Doc. No. 8] is DENIED.

IT IS SO ORDERED this 24th day of October, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE